# EXHIBIT A

MONROE COUNTY CLERK'S OFFICE                    THIS IS NOT A BILL. THIS IS YOUR RECEIPT.

Receipt # 3868674

Book    Page    CIVIL

Return To:                                      No. Pages: 28
JASON ADAM GANG
                                                Instrument: EFILING INDEX NUMBER

                                                Control #:      202405160653
                                                Index #:        E2024008269

                                                Date: 05/16/2024

Royal Business Group LLC                        Time: 10:39:23 AM


The Royal Group D LLC
Royal Group D
Bloom, Allen


State Fee Index Number          $165.00
County Fee Index Number         $26.00
State Fee Cultural Education     $14.25
State Fee Records                $4.75      Employee: RR
Management

Total Fees Paid:                $210.00


State of New York

MONROE COUNTY CLERK'S OFFICE
WARNING – THIS SHEET CONSTITUTES THE CLERKS
ENDORSEMENT, REQUIRED BY SECTION 317-a(5) &
SECTION 319 OF THE REAL PROPERTY LAW OF THE
STATE OF NEW YORK. DO NOT DETACH OR REMOVE.

        JAMIE ROMEO

    MONROE COUNTY CLERK



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE

-------------------------------------------------------------------X

ROYAL BUSINESS GROUP, LLC

                             *Plaintiff,*

               -against-

THE ROYAL GROUP D LLC
D/B/A ROYAL GROUP D and
ALLEN BLOOM

                           *Defendants.*

-------------------------------------------------------------------X

INDEX NO.: E2024008269

DATE PURCHASED: 05/16/2024

**SUMMONS**

TO THE ABOVE-NAMED DEFENDANTS:

    **YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiff attorney, at the address stated below, an answer to the attached complaint. If this summons was personally delivered upon you in the State of New York, the answer must be served within twenty days after such service of the summons, excluding the date of service. If the summons was not personally delivered to you within the State of New York, the answer must be served within thirty days after service of the summons is complete as provided by law.

    If you do not serve an answer to the attached complaint within the applicable time limitation stated above, a judgment may be entered against you, by default, for the relief demanded in the complaint, without further notice to you.

    The basis for venue is pursuant to the Contract entered into between the parties.

Dated: Hewlett, New York
     May 20, 2024

                            By: _____
                                Jason A. Gang, Esq.
                                The Law Office of Jason Gang
                                1245 Hewlett Plaza, #478
                                Hewlett, NY 11557
                                (646) 389-5610
                                *Attorneys for Plaintiff*
                                Our File No. 220-120

INDEX NO. E2024008269

RECEIVED NYSCEF: 05/23/2024

**Defendants to be served:**

The Royal Group D LLC D/B/A Royal Group D
106 Apple Street
Tinton Falls, NJ 07724

The Royal Group D LLC D/B/A Royal Group D
2380 US Highway 9, Ste 12-1
Howell, NJ 07731

Allen Bloom
78 Peasley Drive
Marlboro, NJ 07746

Allen Bloom
2380 US Highway 9, Ste 12-1
Howell, NJ 07731

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE

| | |
|---|---|
| ROYAL BUSINESS GROUP, LLC, | Index No.: E2024008269 |
| *Plaintiff,* | |
| -against- | **VERIFIED COMPLAINT** |
| THE ROYAL GROUP D LLC<br>D/B/A ROYAL GROUP D and<br>ALLEN BLOOM, | |
| *Defendants.* | |

Plaintiff ROYAL BUSINESS GROUP, LLC, ("Plaintiff"), by its undersigned attorneys, The Law Office of Jason Gang, PLLC., for its complaint against Defendants THE ROYAL GROUP D LLC D/B/A ROYAL GROUP D and ALLEN BLOOM (together, "Defendants") alleges as follows:

## THE PARTIES

1.      Plaintiff is a New York limited liability company engaged in the receivables financing business.

2.      Defendant THE ROYAL GROUP D LLC D/B/A ROYAL GROUP D ("Merchant") is a company organized and existing under the laws of the State of New Jersey.

3.      Defendant ALLEN BLOOM ("Guarantor") is a natural person residing in the State of New Jersey and is a principal of Merchant.

## JURISDICTION AND VENUE

4.      This Court has personal jurisdiction over Defendants because they consented to personal jurisdiction in New York.

5.      Venue is proper in this Court because Defendants consented to venue in this Court.

6.      This Court has subjection matter jurisdiction over this action pursuant to Article VI, Section 7 of the New York Constitution.

## FACTS

7.      On August 18, 2022, Plaintiff and Defendants entered into a Future Receivables Sale and Purchase Agreement (the "First Agreement") pursuant to which Plaintiff purchased 18% of Merchant's total future accounts receivable up to the sum of $134,200 (the "First Purchased Amount") in exchange for an upfront purchase price of $110,000 (the "First Purchase Price"). A true and accurate copy of the First Agreement is attached hereto as **Exhibit A**.

8.      On September 8, 2022, Plaintiff and Defendants entered into a second Future Receivables Sale and Purchase Agreement (the "Second Agreement") pursuant to which Plaintiff purchased 18% of Merchant's total future accounts receivable up to the sum of $272,000 (the "Second Purchased Amount") in exchange for an upfront purchase price of $200,000 (the "Second Purchase Price"). A true and accurate copy of the Second Agreement is attached hereto as **Exhibit B.**

9.      On September 21, 2022, Plaintiff and Defendants entered into a third Future Receivables Sale and Purchase Agreement (the "Third Agreement") pursuant to which Plaintiff purchased 18% of Merchant's total future accounts receivable up to the sum of $149,600 (the "Third Purchased Amount") in exchange for an upfront purchase price of $110,000 (the "Third

2

Purchase Price"). A true and accurate copy of the Third Agreement is attached hereto as **Exhibit C.**

10.     On October 20, 2022, Plaintiff and Defendants entered into a fourth Future Receivables Sale and Purchase Agreement (the "Fourth Agreement") pursuant to which Plaintiff purchased 18% of Merchant's total future accounts receivable up to the sum of $149,600 (the "Fourth Purchased Amount") in exchange for an upfront purchase price of $110,000 (the "Fourth Purchase Price"). A true and accurate copy of the Fourth Agreement is attached hereto as **Exhibit D.**

11.     On October 28, 2022, Plaintiff and Defendants entered into a Fifth Future Receivables Sale and Purchase Agreement (the "Fifth Agreement") pursuant to which Plaintiff purchased 18% of Merchant's total future accounts receivable up to the sum of $139,000 (the "Fifth Purchased Amount") in exchange for an upfront purchase price of $100,000 (the "Fifth Purchase Price"). A true and accurate copy of the Fifth Agreement is attached hereto as **Exhibit E.**

12.     On November 8, 2022, Plaintiff and Defendants entered into a Sixth Future Receivables Sale and Purchase Agreement (the "Sixth Agreement") pursuant to which Plaintiff purchased 17% of Merchant's total future accounts receivable up to the sum of $76,450 (the "Sixth Purchased Amount") in exchange for an upfront purchase price of $55,000 (the "Sixth Purchase Price"). A true and accurate copy of the Sixth Agreement is attached hereto as **Exhibit F.**

13.     On November 29, 2022, Plaintiff and Defendants entered into a Seventh Future Receivables Sale and Purchase Agreement (the "Seventh Agreement") pursuant to which Plaintiff purchased 17% of Merchant's total future accounts receivable up to the sum of $46,200 (the "Seventh Purchased Amount") in exchange for an upfront purchase price of $33,000 (the "Seventh

3

Purchase Price"). A true and accurate copy of the Seventh Agreement is attached hereto as **Exhibit G.**

14.     The First Agreement, Second Agreement, Third Agreement, Fourth Agreement, Fifth Agreement, Sixth Agreement and Seventh Agreement are collectively referred to herein as the "Agreements."

15.     The First Purchased Amount, Second Purchased Amount, Third Purchased Amount, Fourth Purchased Amount, Fifth Purchased Amount, Sixth Purchased Amount and Seventh Purchased Amount are collectively referred to herein as the "Purchased Amounts."

16.     The First Purchase Price, Second Purchase Price, Third Purchase Price, Fourth Purchase Price, Fifth Purchase Price, Sixth Purchase Price, and Seventh Purchase Price are collectively referred to herein as the "Purchase Prices."

17.     Merchant agreed to remit the Purchased Amounts to Plaintiff via weekly ACH debits in the amount of $10,323.07 (First Agreement), $10,000 (Second Agreement), $4,400 (Third Agreement), $4,400 (Fourth Agreement), $4,199 (Fifth Agreement), $3,475 (Sixth Agreement), and $2,887.50 (Seventh Agreement) (together, the "Initial Weekly Installments"), which amounts were an initial "good faith approximation of the Specified Percentage of [Merchant's] [Weekly] Future Receipts." (*See* Exs. A-G § 1.g).  The Initial Weekly Installments were to be debited each week and credited toward the Purchased Amounts. (Exs. A-G §§ 6, 8).

18.     Pursuant to the ACH AUTHORIZATION FORMS executed contemporaneously with the Agreements and included therewith, Merchant authorized Plaintiff to collect the Initial Weekly Installments and any other payment due by making withdrawals from Merchant's bank account (the "Account") via ACH debits.  (Exs. A-G § 7, at p. 18).

4

19.    Pursuant to Personal Guaranties of Performance (the "Guaranties") executed in connection with the Agreements, Guarantor guaranteed the prompt and complete performance of Merchant's obligations to Plaintiff under the Agreements, including payment to Plaintiff of any amounts owed by Merchant in the event of Merchant's default. (Exs. A-G at pp. 12-14).

20.    On or about August 18, 2022, Plaintiff began funding the First Purchase Price of $110,000 in weekly installments pursuant to the disbursement schedule set forth in the First Agreement. (*See* Ex. A at p. 23).

21.    On or about September 8, 2022, Plaintiff funded the Second Purchase Price of $200,000 (less applicable and disclosed upfront fees).

22.    On or about September 21, 2022, Plaintiff funded the Third Purchase Price of $110,000 (less applicable and disclosed upfront fees).

23.    On or about October 20, 2022, Plaintiff funded the Fourth Purchase Price of $110,000 (less applicable and disclosed upfront fees).

24.    On or about October 28, 2022, Plaintiff funded the Fifth Purchase Price of $100,000 (less applicable and disclosed upfront fees).

25.    On or about November 8, 2022, Plaintiff funded the Sixth Purchase Price of $55,000 (less applicable and disclosed upfront fees).

26.    On or about November 29, 2022, Plaintiff funded the Seventh Purchase Price of $33,000 (less applicable and disclosed upfront fees).

27.    Merchant agreed to "use the Purchase Price[s] exclusively for the benefit and advancement of [Merchant's] business operations and for no other purpose." (*See* Exs. A-G § 5).

5

28.     The parties agreed that Plaintiff "may never collect all or a substantial portion of the [Purchased Amounts]" in the event "[Merchant's] business ceases to exist...as a result of a drying up revenues for reasons outside of [Merchant's] control." (*See* Exs. A-G § 16.a.ii)

29.     Further, the parties agreed that "[Plaintiff] assume[d] this risk based exclusively upon….[Merchant's] representations, warranties and covenants contained in [the Agreements] that are designed to give [Plaintiff] a reasonable and fair opportunity to receive the benefit of its bargain." (*See* Exs. A-G § 16.b).

30.     Pursuant to the foregoing, the parties agreed that "[Merchant] shall be excused from performing its obligations under the Agreement[s] in the event that Merchant's business ceases its operations exclusively due to  the following reasons (collectively, the "<u>Valid Excuses</u>": i. adverse business conditions that occurred for reasons outside [Merchant's] control and not due to [Merchant's] willful or negligent mishandling of its business (<u>but not due to [Merchant's] failure to comply with its obligations under this Agreement[s]</u>)." (*See* Exs. A-G § 16.b) (underline added).

31.     Merchant also "represent[ed] that it [had] no current plans to close its business…permanently" and further "agree[d] that until [Plaintiff] shall have received the Purchased Amount[s] in full, [Merchant] will not voluntarily close its business." (*See* Exs. A-G § 16.b).

32.     Defendants "authorize[d] [Plaintiff] and its agents to investigate [Defendants'] financial status and history" and to "provide to [Plaintiff] any bank or financial statements, tax returns, etc. as [Plaintiff] deems necessary prior to or at any time after execution of the Agreement[s]." (*See* Exs. A-G § 34).

33.     On March 29, 2023, Defendants advised Plaintiff by email that Merchant was closing its business, allegedly "due to insufficient receipts to maintain its operations," and that

6

Guarantor would be filing for personal bankruptcy. A true and correct copy of Defendants' correspondence is attached hereto as **Exhibit H**.

34.    Upon receipt of Defendants' email, Plaintiff ceased its debits to Merchant's Account.

35.    On March 30, 2023, Plaintiff requested that Defendants provide evidence of Merchant's business closure and a copy of Guarantor's bankruptcy petition once it was filed. Additionally, Plaintiff requested that Defendants provide the following documentation in an effort to verify that Merchant's business closure was due to "adverse business conditions that occurred for reasons outside [Merchant's] control and not due to [Merchant's] willful or negligent mishandling of its business":

> (i)    The last six months of deposit account statements for all accounts into which Merchant deposited receivables;
> (ii)   A current accounts receivable aging report;
> (iii)  A current inventory list; and
> (iv)   Year-end financial statements for Merchant for 2022.

36.    In response, Defendants provided only Merchant's inventory report for the month of March 2023 and its bank statements from September 2022 through March 2023.

37.    On April 20, 2023, Plaintiff followed up with Defendants regarding its request for the outstanding documentation and notified Defendants that failure to provide the outstanding documentation would result in the commencement of legal action against Defendants. A true and correct copy of Plaintiff's correspondence is attached hereto as **Exhibit I**.

38.    Defendants responded they had provided all available documentation and failed to ever provide the outstanding documentation. *See* Ex. I.

39.    Upon information and belief, Guarantor never filed for bankruptcy.

40.     Upon information and belief, and upon Plaintiff's review of Merchant's available financial information, Plaintiff reasonably concluded that Merchant had been liquidating its inventory and keeping the proceeds. In essence, Merchant had "closed the doors" to avoid its contractual obligations.

41.     For instance, in October of 2022, Merchant admitted to having generated over a million dollars' worth of receivables. A true and correct copy of Merchant's statement is attached hereto as **Exhibit K**.

42.     After receiving the First Purchase Price, Merchant made payments totaling only $71,250 (less any fees), leaving an outstanding balance of $62,950 under the First Agreement. A remittance history for the First Agreement, which is a business record kept in the ordinary course of Plaintiff's business, is attached hereto as **Exhibit L**.

43.     After receiving the Second Purchase Price, Merchant made payments totaling only $89,600 (less any fees), leaving an outstanding balance of $182,400 under the Second Agreement. A remittance history for the Second Agreement, which is a business record kept in the ordinary course of Plaintiff's business, is attached hereto as **Exhibit M**.

44.     After receiving the Third Purchase Price, Merchant made payments totaling only $46,950 (less any fees), leaving an outstanding balance of $102,650 under the Third Agreement. A remittance history for the Third Agreement, which is a business record kept in the ordinary course of Plaintiff's business, is attached hereto as **Exhibit N**.

45.     After receiving the Fourth Purchase Price, Merchant made payments totaling only $13,400 (less any fees), leaving an outstanding balance of $136,200 under the Fourth Agreement. A remittance history for the Fourth Agreement, which is a business record kept in the ordinary course of Plaintiff's business, is attached hereto as **Exhibit O**.

8

46.     After receiving the Fifth Purchase Price, Merchant made payments totaling only $16,646 (less any fees), leaving an outstanding balance of $122,354 under the Fifth Agreement. A remittance history for the Fifth Agreement, which is a business record kept in the ordinary course of Plaintiff's business, is attached hereto as **Exhibit P**.

47.     After receiving the Sixth Purchase Price, Merchant made payments totaling only $13,800 (less any fees), leaving an outstanding balance of $62,650 under the Sixth Agreement. A remittance history for the Sixth Agreement, which is a business record kept in the ordinary course of Plaintiff's business, is attached hereto as **Exhibit Q**.

48.     After receiving the Seventh Purchase Price, Merchant made no payments and incurred $150 in bounce back fees, leaving an outstanding balance of $46,350 under the Seventh Agreement. A remittance history for the Seventh Agreement, which is a business record kept in the ordinary course of Plaintiff's business, is attached hereto as **Exhibit R**.

49.     As of March 29, 2023, Merchant defaulted under Section 27 of the Agreements by (i) using the Purchase Prices for purposes other than the advancement and benefit of its business operations, (ii) voluntarily closing its business, and (iii) failing to remit any of its receivables after March 10, 2023. (*See* Exs. A-G § 27; Exs. L-R).

50.     Guarantor breached the Guaranties by failing to perform Merchant's obligations to Plaintiff when Merchant defaulted.

51.     Pursuant to the foregoing, Defendants are liable in the amount of $894,637.50, which amount is comprised of the outstanding balance of $715,554 on the Purchased Amounts of receivables, a UCC Fee of $195, and Reasonable Damages of $178,888.50 pursuant to Section 29 of the Agreements (25% of the outstanding balances owed).  (*See* Exs. A-G § 29, Exs. L-R).

9

52.     Plaintiff also seeks simple interest at the rate of nine percent (9%) from the date of default on March 29, 2023. (*See* Exs. A-G § 29).

## FIRST CAUSE OF ACTION
### (Fraudulent Inducement – First Agreement)

53.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth at length herein.

54.     Pursuant to the First Agreement, Defendants represented that Merchant would "use the [First] Purchase Price exclusively for the benefit and advancement of [Merchant's] business operations and for no other purpose."

55.     Plaintiff had no reason to doubt the truthfulness of the Defendants' representations.

56.     At the time Defendants executed the First Agreement, they maintained an undisclosed and contemporaneous intention to use the First Purchase Price for reasons other than the benefit and advancement of Merchant's business operations.

57.     To its detriment, Plaintiff entered into the First Agreement based upon Defendants' representations.

58.     Defendants did not use the First Purchase Price for the benefit and advancement of Merchant's business operations.

59.     Instead, Defendants used the First Purchase Price to personally enrich themselves.

60.     Defendants deliberately misrepresented their intent to honor their obligations in order to induce Plaintiff to enter into the First Agreement.

61.     Upon information and belief, Defendants also misrepresented the state of Merchant's financial affairs in order to induce Plaintiff to enter into the First Agreement and

10

Plaintiff relied on those representation in electing to enter into the First Agreement and fund the purchase price thereunder.

62.  By reason of the foregoing, Plaintiff has suffered damages in the amount of $78,687.50, plus interest, costs and disbursements.

## SECOND CAUSE OF ACTION
### (Fraudulent Inducement – Second Agreement)

63.  Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth at length herein.

64.  Pursuant to the Second Agreement, Defendants represented that Merchant would "use the [Second] Purchase Price exclusively for the benefit and advancement of [Merchant's] business operations and for no other purpose."

65.  Plaintiff had no reason to doubt the truthfulness of the Defendants' representations.

66.  At the time Defendants executed the Second Agreement, they maintained an undisclosed and contemporaneous intention to use the Second Purchase Price for reasons other than the benefit and advancement of Merchant's business operations.

67.  To its detriment, Plaintiff entered into the Second Agreement based upon Defendants' representations.

68.  Defendants did not use the Second Purchase Price for the benefit and advancement of Merchant's business operations.

69.  Instead, Defendants used the Second Purchase Price to personally enrich themselves.

70.  Defendants deliberately misrepresented their intent to honor their obligations in order to induce Plaintiff to enter into the Second Agreement.

11

71.     Upon information and belief, Defendants also misrepresented the state of Merchant's financial affairs in order to induce Plaintiff to enter into the Second Agreement and Plaintiff relied on those representation in electing to enter into the Second Agreement and fund the purchase price thereunder.

72.     By reason of the foregoing, Plaintiff has suffered damages in the amount of $228,000, plus interests, costs and disbursements.

### THIRD CAUSE OF ACTION
### (Fraudulent Inducement – Third Agreement)

73.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth at length herein.

74.     Pursuant to the Third Agreement, Defendants represented that Merchant would "use the [Third] Purchase Price exclusively for the benefit and advancement of [Merchant's] business operations and for no other purpose."

75.     Plaintiff had no reason to doubt the truthfulness of the Defendants' representations.

76.     At the time Defendants executed the Third Agreement, they maintained an undisclosed and contemporaneous intention to use the Third Purchase Price for reasons other than the benefit and advancement of Merchant's business operations.

77.     To its detriment, Plaintiff entered into the Third Agreement based upon Defendants' representations.

78.     Defendants did not use the Third Purchase Price for the benefit and advancement of Merchant's business operations.

79.     Instead, Defendants used the Third Purchase Price to personally enrich themselves.

12

80.     Defendants deliberately misrepresented their intent to honor their obligations in order to induce Plaintiff to enter into the Third Agreement.

81.     Upon information and belief, Defendants also misrepresented the state of Merchant's financial affairs in order to induce Plaintiff to enter into the Third Agreement and Plaintiff relied on those representation in electing to enter into the Third Agreement and fund the purchase price thereunder.

82.     By reason of the foregoing, Plaintiff has suffered damages in the amount of $128,312.50, plus interests, costs and disbursements.

## FOURTH CAUSE OF ACTION
### (Fraudulent Inducement – Fourth Agreement)

83.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth at length herein.

84.     Pursuant to the Fourth Agreement, Defendants represented that Merchant would "use the [Fourth] Purchase Price exclusively for the benefit and advancement of [Merchant's] business operations and for no other purpose."

85.     Plaintiff had no reason to doubt the truthfulness of the Defendants' representations.

86.     At the time Defendants executed the Fourth Agreement, they maintained an undisclosed and contemporaneous intention to use the Fourth Purchase Price for reasons other than the benefit and advancement of Merchant's business operations.

87.     To its detriment, Plaintiff entered into the Fourth Agreement based upon Defendants' representations.

88.     Defendants did not use the Fourth Purchase Price for the benefit and advancement of Merchant's business operations.

13

89.     Instead, Defendants used the Fourth Purchase Price to personally enrich themselves.

90.     Defendants deliberately misrepresented their intent to honor their obligations in order to induce Plaintiff to enter into the Fourth Agreement.

91.     Upon information and belief, Defendants also misrepresented the state of Merchant's financial affairs in order to induce Plaintiff to enter into the Fourth Agreement and Plaintiff relied on those representation in electing to enter into the Fourth Agreement and fund the purchase price thereunder.

92.     By reason of the foregoing, Plaintiff has suffered damages in the amount of $170,250, plus interest, costs and disbursements.

## FIFTH CAUSE OF ACTION
### (Fraudulent Inducement – Fifth Agreement)

93.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth at length herein.

94.     Pursuant to the Fifth Agreement, Defendants represented that Merchant would "use the [Fifth] Purchase Price exclusively for the benefit and advancement of [Merchant's] business operations and for no other purpose."

95.     Plaintiff had no reason to doubt the truthfulness of the Defendants' representations.

96.     At the time Defendants executed the Fifth Agreement, they maintained an undisclosed and contemporaneous intention to use the Fifth Purchase Price for reasons other than the benefit and advancement of Merchant's business operations.

97.     To its detriment, Plaintiff entered into the Fifth Agreement based upon Defendants' representations.

14

98.     Defendants did not use the Fifth Purchase Price for the benefit and advancement of Merchant's business operations.

99.     Instead, Defendants used the Fifth Purchase Price to personally enrich themselves.

100.    Defendants deliberately misrepresented their intent to honor their obligations in order to induce Plaintiff to enter into the Fifth Agreement.

101.    Upon information and belief, Defendants also misrepresented the state of Merchant's financial affairs in order to induce Plaintiff to enter into the Fifth Agreement and Plaintiff relied on those representation in electing to enter into the Fifth Agreement and fund the purchase price thereunder.

102.    By reason of the foregoing, Plaintiff has suffered damages in the amount of $152,942.50, plus interest, costs and disbursements.

## SIXTH CAUSE OF ACTION
### (Fraudulent Inducement – Sixth Agreement)

103.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth at length herein.

104.    Pursuant to the Sixth Agreement, Defendants represented that Merchant would "use the [Sixth] Purchase Price exclusively for the benefit and advancement of [Merchant's] business operations and for no other purpose."

105.    Plaintiff had no reason to doubt the truthfulness of the Defendants' representations.

106.    At the time Defendants executed the Sixth Agreement, they maintained an undisclosed and contemporaneous intention to use the Sixth Purchase Price for reasons other than the benefit and advancement of Merchant's business operations.

15

107.     To its detriment, Plaintiff entered into the Sixth Agreement based upon Defendants' representations.

108.     Defendants did not use the Sixth Purchase Price for the benefit and advancement of Merchant's business operations.

109.     Instead, Defendants used the Sixth Purchase Price to personally enrich themselves.

110.     Defendants deliberately misrepresented their intent to honor their obligations in order to induce Plaintiff to enter into the Sixth Agreement.

111.     Upon information and belief, Defendants also misrepresented the state of Merchant's financial affairs in order to induce Plaintiff to enter into the Sixth Agreement and Plaintiff relied on those representation in electing to enter into the Sixth Agreement and fund the purchases price thereunder.

112.     By reason of the foregoing, Plaintiff has suffered damages in the amount of $78,312.50, plus interest, costs and disbursements.

## SEVENTH CAUSE OF ACTION
### (Fraudulent Inducement – Seventh Agreement)

113.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth at length herein.

114.     Pursuant to the Seventh Agreement, Defendants represented that Merchant would "use the [Seventh] Purchase Price exclusively for the benefit and advancement of [Merchant's] business operations and for no other purpose."

115.     Plaintiff had no reason to doubt the truthfulness of the Defendants' representations.

16

116.    At the time Defendants executed the Seventh Agreement, they maintained an undisclosed and contemporaneous intention to use the Seventh Purchase Price for reasons other than the benefit and advancement of Merchant's business operations.

117.    To its detriment, Plaintiff entered into the Seventh Agreement based upon Defendants' representations.

118.    Defendants did not use the Seventh Purchase Price for the benefit and advancement of Merchant's business operations.

119.    Instead, Defendants used the Seventh Purchase Price to personally enrich themselves.

120.    Defendants deliberately misrepresented their intent to honor their obligations in order to induce Plaintiff to enter into the Seventh Agreement.

121.    Upon information and belief, Defendants also misrepresented the state of Merchant's financial affairs in order to induce Plaintiff to enter into the Seventh Agreement and Plaintiff relied on those representation in electing to enter into the Seventh Agreement and fund the purchase price thereunder.

122.    By reason of the foregoing, Plaintiff has suffered damages in the amount of $57,937.50, plus interest, costs and disbursements.

## EIGHTH CAUSE OF ACTION
### (Breach of Contract – First Agreement)

123.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth at length herein.

124.    Plaintiff and Defendants entered into an enforceable contract, namely the First Agreement.

17

125.    Plaintiff performed its obligations under the First Agreement as set forth herein, including by funding the First Purchase Price.

126.    Defendants materially breached the First Agreement as set forth herein.

127.    By reason of the foregoing, Plaintiff has suffered damages in the amount of $78,687.50, plus interest, costs and disbursements.

## NINTH CAUSE OF ACTION
### (Breach of Contract – Second Agreement)

128.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth at length herein.

129.    Plaintiff and Defendants entered into an enforceable contract, namely Second the Agreement.

130.    Plaintiff performed its obligations under the Second Agreement as set forth herein, including by funding the Second Purchase Price.

131.    Defendants materially breached the Second Agreement as set forth herein.

132.    By reason of the foregoing, Plaintiff has suffered damages in the amount of $228,000, plus interest, costs and disbursements.

## TENTH CAUSE OF ACTION
### (Breach of Contract – Third Agreement)

133.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth at length herein.

134.    Plaintiff and Defendants entered into an enforceable contract, namely the Third Agreement.

18

Case 6:24-cv-06372-FPG    Document 1-1    Filed 06/14/24    Page 23 of 29

135.    Plaintiff performed its obligations under the Third Agreement as set forth herein, including by funding the Third Purchase Price.

136.    Defendants materially breached the Third Agreement as set forth herein.

137.    By reason of the foregoing, Plaintiff has suffered damages in the amount of $128,312.50, plus interest, costs and disbursements.

## ELEVENTH CAUSE OF ACTION
### (Breach of Contract – Fourth Agreement)

138.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth at length herein.

139.    Plaintiff and Defendants entered into an enforceable contract, namely the Fourth Agreement.

140.    Plaintiff performed its obligations under the Fourth Agreement as set forth herein, including by funding the Fourth Purchase Price.

141.    Defendants materially breached the Fourth Agreement as set forth herein.

142.    By reason of the foregoing, Plaintiff has suffered damages in the amount of $170,250, plus interest, costs and disbursements.

## TWELFTH CAUSE OF ACTION
### (Breach of Contract – Fifth Agreement)

143.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth at length herein.

144.    Plaintiff and Defendants entered into an enforceable contract, namely the Fifth Agreement.

19

145.    Plaintiff performed its obligations under the Fifth Agreement as set forth herein, including by funding the Fifth Purchase Price.

146.    Defendants materially breached the Fifth Agreement as set forth herein.

147.    By reason of the foregoing, Plaintiff has suffered damages in the amount of $152,942.50, plus interest, costs and disbursements.

## THIRTEENTH CAUSE OF ACTION
### (Breach of Contract – Sixth Agreement)

148.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth at length herein.

149.    Plaintiff and Defendants entered into an enforceable contract, namely the Sixth Agreement.

150.    Plaintiff performed its obligations under the Sixth Agreement as set forth herein, including by funding the Sixth Purchase Price.

151.    Defendants materially breached the Sixth Agreement as set forth herein.

152.    By reason of the foregoing, Plaintiff has suffered damages in the amount of $78,312.50, plus interest, costs and disbursements.

## FOURTEENTH CAUSE OF ACTION
### (Breach of Contract – Seventh Agreement)

153.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth at length herein.

154.    Plaintiff and Defendants entered into an enforceable contract, namely the Seventh Agreement.

20

155.     Plaintiff performed its obligations under the Seventh Agreement as set forth herein, including by funding the Seventh Purchase Price.

156.     Defendants materially breached the Seventh Agreement as set forth herein.

157.     By reason of the foregoing, Plaintiff has suffered damages in the amount of $57,937.50, plus interest, costs and disbursements.

## FIFTEENTH CAUSE OF ACTION
### (Fraud)

158.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth at length herein.

159.     Plaintiff and Defendants entered into the Agreements.

160.     Pursuant to the Agreements, Merchant "represent[ed] that it [had] no current plans to close its business…permanently" and further "agree[d] that until [Plaintiff] shall have received the Purchased Amount[s] in full, [Merchant] will not voluntarily close its business."

161.     Plaintiff reasonably relied on Defendants' representation, which was material to Plaintiff's decision to enter into the Agreements.

162.     Upon information and belief, Defendants intended to cease business operations at the time they entered into some or all of the Agreements and, therefore, Defendants' representation was false.

163.     Defendants failed to disclose to Plaintiff that, at the time of contracting, they intended to cease business operations.

164.     Plaintiff relied upon this material omission in deciding to enter into the Agreements.

21

165. After entering into the Agreements, Defendants voluntarily closed the Merchant's business, liquidated the remaining inventory, and retained the proceeds thereof in an attempt to avoid their contractual obligations to Plaintiff as set forth above.

166. By reason of the foregoing, Plaintiff has suffered damages in the amount of $894,442.50, plus interest, costs and disbursements.

**WHEREFORE,** Plaintiff ROYAL BUSINESS GROUP, LLC requests judgment against Defendants THE ROYAL GROUP D LLC D/B/A ROYAL GROUP D and ALLEN BLOOM as follows:

(i)     On the first cause of action of the complaint, a judgment in favor of Plaintiff and against Defendants in the amount of $78,687.50, plus interest, costs, and disbursements;

(ii)     On the second cause of action of the complaint, a judgment in favor of Plaintiff and against Defendants in the amount of $228,000, plus interest, costs, and disbursements;

(iii)     On the third cause of action of the complaint, a judgment in favor of Plaintiff and against Defendants in the amount of $128,312.50, plus interest, costs, and disbursements;

(iv)     On the fourth cause of action of the complaint, a judgment in favor of Plaintiff and against Defendants in the amount of $170,250, plus interest, costs, and disbursements;

22

(v)     On the fifth cause of action of the complaint, a judgment in favor of Plaintiff and against Defendants in the amount of $152,942.50, plus interest, costs, and disbursements;

(vi)     On the sixth cause of action of the complaint, a judgment in favor of Plaintiff and against Defendants in the amount of $78,312.50, plus interest, costs, and disbursements;

(vii)     On the seventh cause of action of the complaint, a judgment in favor of Plaintiff and against Defendants in the amount of $57,937.50, plus interest, costs, and disbursements;

(viii)     On the eighth cause of action of the complaint, a judgment in favor of Plaintiff and against Defendants in the amount of $78,687.50, plus interest, costs, and disbursements;

(ix)     On the ninth cause of action of the complaint, a judgment in favor of Plaintiff and against Defendants in the amount of $228,000, plus interest, costs, and disbursements;

(x)     On the tenth cause of action of the complaint, a judgment in favor of Plaintiff and against Defendants in the amount of $128,312.50, plus interest, costs, and disbursements;

(xi)     On the eleventh cause of action of the complaint, a judgment in favor of Plaintiff and against Defendants in the amount of $170,250, plus interest, costs, and disbursements;

23

(xii)  On the twelfth cause of action of the complaint, a judgment in favor of Plaintiff and against Defendants in the amount of $152,942.50, plus interest, costs, and disbursements;

(xiii)  On the thirteenth cause of action of the complaint, a judgment in favor of Plaintiff and against Defendants in the amount of $78,312.50, plus interest, costs, and disbursements;

(xiv)  On the fourteenth cause of action of the complaint, a judgment in favor of Plaintiff and against Defendants in the amount of $57,937.50, plus interest, costs, and disbursements;

(xv)  On the fifteenth cause of action of the complaint, a judgment in favor of Plaintiff and against Defendants in the amount of $894,442.50, plus interest, costs, and disbursements;

(xvi)  A UCC Fee of $195;

(xvii)  For such other and further relief as this Court deems just and proper.


Dated: May 20, 2024                          Respectfully Submitted,


                                             */s Jason A. Gang*
                                             Jason A. Gang, Esq.
                                             The Law Office of Jason Gang
                                             1245 Hewlett Plaza, #478
                                             Hewlett, NY 11557
                                             (646) 389-5610
                                             *Attorneys for Plaintiff*
                                             *Royal Business Group, LLC*


24

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE

ROYAL BUSINESS GROUP, LLC,

                    *Plaintiff,*

          -against-

THE ROYAL GROUP D LLC
D/B/A ROYAL GROUP D and
ALLEN BLOOM,

                    *Defendants.*

Index No.: E2024008269

**VERIFICATION**

STATE OF NEW YORK)

COUNTY OF NASSAU)

**Abraham Felsenstein**, being duly sworn, hereby deposes and states the following:

I am a(n) Authorized Representative of ROYAL BUSINESS GROUP, LLC in the within action. I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

The foregoing statements are true under penalties of perjury.

Sworn to before me this

_21__ day of __May____, 2024__

BY: _____
        Abraham Felsenstein

_____
Notary Public

CHRISTOPHER A GARCIA
Notary Public, State of New York
No,01GA6238360
Qualified In Bronx County
Commission Expires 4/04/2023

25